IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD CUMMINGS,

    Plaintiff,

v.                                           Civil Action No. 5:19CV271
                                                        (STAMP)

CITY OF WHEELING, WEST VIRGINIA,
a political subdivision and
HARRY MYERS, in his individual
capacity as a Wheeling law
enforcement officer,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS

### I. Background

The plaintiff in this civil action, Richard Cummings ("Cummings"), originally filed his complaint (ECF No. 1-1) in the Circuit Court of Ohio County, West Virginia, on August 5, 2019, against defendants the City of Wheeling, West Virginia (hereinafter, "City of Wheeling") and police officer Harry Myers ("Officer Myers") in his individual capacity as a Wheeling law enforcement officer (collectively "defendants").

Plaintiff alleges in his complaint that he was asleep in his own bed in the basement of his parents' home when Ammo, a trained Wheeling police dog handled by Officer Myers, was given a command to search the basement and attacked and bit plaintiff's hands, legs, and body for a period of 45 to 60 seconds. ECF No. 1-1 at 1-4.

Stemming from this encounter, the complaint asserts a cause of action pursuant to 42 U.S.C. § 1983 (Count One), as well as a state constitutional tort claim (Count Two) and a negligence claim (Count Three). For relief, plaintiff seeks compensatory damages, attorneys' fees and costs, an award of punitive damages, and equitable relief including additional training and education for other similarly situated law enforcement officers to address the issues raised in this action. Id. at 10.

Defendants removed this civil action to this Court on September 19, 2019 pursuant to 28 U.S.C. § 1443 and 28 U.S.C. § 1446(b)(1). ECF No. 1. In the notice of removal, defendants assert that this Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Id. at 1. Further, defendants assert this Court has supplemental jurisdiction over plaintiff's asserted state law claims pursuant to 28 U.S.C. § 1367(a) in that plaintiff's state law allegations are inextricably tied to the facts of plaintiff's primary federal claim.

Defendants then filed a motion to dismiss under Federal Rule of Civil Procedure 12b(6) and argue that Officer Myers is entitled to qualified immunity, plaintiff's state law claims are precluded by statutory immunity, and that all intentional tort claims asserted against the City of Wheeling should be dismissed as a matter of law. ECF No. 3 at 1. Further, defendants assert that

2

plaintiff's state constitutional claims are moot and should be dismissed, plaintiff's municipal liability and failure to train claims are insufficiently pled, plaintiff's outrageous or deliberate indifference claims are insufficiently pled, and plaintiff's excessive force claim is baseless under the facts as contained in the complaint. Id.

Plaintiff filed a response in opposition. ECF No. 5. Plaintiff asserts Officer Myers released a trained police dog to go down in the basement where plaintiff was asleep, while Officer Myers remained upstairs. Id. at 2. Plaintiff contends in his response that defendants' motion to dismiss should be denied because Officer Myers is not entitled to qualified immunity, defendants are not entitled to statutory immunity, the City of Wheeling is liable for the intentional torts of Officer Myers, the state constitutional tort claim is not moot, allegations of negligent supervision and custom, policy, and practice are sufficiently pled, and the allegations support plaintiff's claim of excessive force. ECF No. 5. Because the complaint "raises multiple factual issues that will need to be developed and ultimately resolved by a jury," plaintiff submits defendants' motion to dismiss should be denied so the parties can develop all of the relevant facts. Id. at 2.

Defendants filed a reply (ECF No. 6) and argue that despite plaintiff's protestations to the contrary, pursuant to Federal Rule

3

of Civil Procedure 12(b)(6), dismissal is required as there is no meaningful path by which plaintiff can recover from the defendants in this action.

Now before this Court is the defendants' motion to dismiss the plaintiff's complaint (ECF No. 3). The motion is fully briefed and ripe for decision.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.

1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

This Court has assumed the allegations alleged by Cummings in the complaint to be true, resolved all doubts and inferences in favor of Cummings, and viewed the allegations in a light most

5

favorable to Cummings for the purposes of deciding the motion to dismiss. In doing so, this Court finds that the complaint alleges enough facts to state claims for relief under all three counts asserted in the complaint that are facially plausible and make sufficient factual allegations against the defendants to survive the Rule 12(b)(6) motion to dismiss. Upon review, this Court finds that the plaintiff's complaint asserts factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In order to properly state a claim for relief, plaintiff is required to provide a "short and plain statement of the claim" that gives defendants "fair notice of what the claim is and the grounds upon which it rests." Id. Plaintiff has met this standard, and his claims, as asserted in Count One pursuant to 42 U.S.C. § 1983, Count Two pursuant to the West Virginia Constitution, and Count Three alleging negligence, are pled with sufficient specificity.

In support of the motion to dismiss,[1] defendants assert that Officer Myers is entitled to qualified immunity under the circumstances alleged. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as

---

[1] In response to defendants' argument that plaintiff's failure to train and outrageous or deliberate indifference claims are insufficiently pled, plaintiff concedes that his complaint does not seek to hold defendants liable for failing to train, outrage, and deliberate indifference. ECF No. 5 at 2 n.1. Thus, this Court will not address these arguments asserted by defendants.

6

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)). In Pearson, however, the Supreme Court also recognized "[w]hen qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." Id. at 238-39.

Aware of this possibility, in a recent opinion regarding a Fourth Amendment excessive force claim brought pursuant to § 1983, this Court found that a determination of whether or not a law enforcement officer was entitled to qualified immunity at the motion to dismiss stage of the litigation was not appropriate and premature. See Hamstead v. Walker, et al., No. 3:18-CV-79, ECF No. 150 at 16 (N.D. W. Va. May 7, 2019) (Bailey, J.). Throughout its analysis in Hamstead, the Court emphasized the fact specific nature of § 1983 actions such as this, and noted that the Supreme Court of the United States has held that the question of whether an officer has used excessive force requires careful attention to the facts and circumstances of each particular case. Id. (citing Graham v. Conner, 490 U.S. 386, 396 (1989); Kisela v. Hughes, 138 S. Ct. 1148, 1153 (2018).

7

To succeed on a § 1983 claim, a plaintiff must show (1) that he was deprived of a right "secured by the Constitution and the laws" of the United States, and (2) that the individual who deprived him of the right was acting under color of state law. Lugar v. Edmonson Oil Co., 457 U.S. 922, 930 (1982) (internal citations omitted). Here, plaintiff clearly pleads, with sufficient specificity, that defendants violated the constitutional rights guaranteed to plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution including, but not limited to, the use of excessive force, by Officer Myers giving a command to Ammo and sending him downstairs to plaintiff's bedroom where Ammo proceeded to attack and maul plaintiff while he was asleep. ECF No. 1-1 at 5. Upon review of the arguments presented by the parties and a consideration of plaintiff's allegations as alleged in the complaint, this Court finds that this litigation is only at the motion to dismiss stage, and without knowing the facts of this particular incident, this Court cannot properly make a determination of whether Officer Myers is entitled to qualified immunity at this time.

All this Court must consider at this stage are the allegations made in plaintiff's complaint, which include Officer Myers giving some command to Ammo and sending Ammo into the basement of the home while Officer Myers remained upstairs. ECF No. 1-1 at 4. Without considering the merits of plaintiff's excessive force allegations

8

as set forth in the complaint, this Court finds that the complaint states a claim for relief that is sufficient on its face, which is all that is required to survive a motion to dismiss under Rule 12(b)(6). This Court notes, as the Court noted in Raub v. Bowen, 960 F. Supp. 2d 602, (E.D. Va. 2013), a defendant can raise the qualified-immunity defense at both the motion to dismiss and summary judgment stage. Id. at 608 (citing Tobey v. Jones, 706 F.3d 379, 393-94 (4th Cir. 2013). As this Court permitted in Hamstead, Officer Myers may reassert his claim of entitlement to qualified immunity at the summary judgment stage, at which time the facts should be developed such that this Court can make a proper determination. See Hamstead, No. 3:18-CV-79, (N.D. W. Va. May 7, 2019). ECF No. 150 at 20.

As to defendants' argument that plaintiff's state law claims are precluded by statutory immunity, this Court finds that under West Virginia Code § 29-12A-18(e), the West Virginia Governmental Tort Claims and Insurance Reform Act (hereinafter, "Tort Claims Act") is inapplicable to "[c]ivil claims based upon alleged violations of the Constitution or statutes of the United States except that the provisions of section eleven of this article shall apply to such claims or related civil actions." Here, as plaintiff points out in his memorandum in opposition to defendants' motion to dismiss, Count One of the complaint in this action alleges violations of the United States Constitution and is filed pursuant

9

to 42 U.S.C. §1983, a federal statute. Count Two of the complaint alleges violations of the West Virginia Constitution as well as the United States Constitution. Thus, this Court finds that at this stage, to the extent plaintiff asserts claims based upon alleged violations of the Constitution or statutes of the United States, the Tort Claims Act does not apply to Counts One and Two of the plaintiff's complaint.

Further, this Court finds that immunity from liability, granted pursuant to West Virginia Code § 29-12(A)-5 to political subdivisions and their employees, applies unless specific allegations indicate that it should not. Hutchison v. City of Huntington, 198 W. Va. 139, 148, 479 S.E.2d 649, 658 (1996). Consistent with this Court's analysis discussed above, this Court finds that plaintiff clearly pleads, with sufficient specificity, that defendants violated the plaintiff's constitutional rights by actions arising out Officer Myers' handling of Ammo. ECF No. 1-1 at 5. At this time, this Court finds that this litigation is only at the motion to dismiss stage, and without knowing the facts of this particular incident, this Court cannot properly make a determination as to the applicability of statutory immunity.

As to defendant's argument that all intentional tort claims asserted against the City of Wheeling should be dismissed as a matter of law, this Court again notes that at this stage, to the extent plaintiff asserts claims based upon alleged violations of

10

the Constitution or statutes of the United States, the Tort Claims Act does not apply to Counts One and Two of the plaintiff's complaint. As to Count Three, this Court notes, and defendants concede, that West Virginia law provides that political subdivisions may be liable for the negligent acts of their employees, committed while said employees are acting within the scope of their employment. W. Va. Code § 29-12A-4(c)(2).

In turning to defendants' argument that "plaintiff's state constitutional claims are moot and should therefore be dismissed," (ECF No. 3-1 at 8), this Court must first restate the issue at hand in its simplest form. Here, defendants' argument, boiled down to its most basic form, is that "any claim for money damages as a result of these alleged state constitutional violations must be dismissed" because "it is clear that no relief can be granted in connection with this claim" as there is "no provision allowing [plaintiff] to receive money damages in connection with this claim." ECF No. 3-1 at 8-9.

Upon consideration of this issue and the arguments presented by the parties, this Court finds Spry v. W. Virginia, No. 2:16-CV-01785, 2017 WL 440733, (S.D. W. Va. Feb. 1, 2017) (Johnston, J.) to be particularly useful.

In Spry, the Court thoroughly addressed a concern regarding West Virginia constitutional claims and stated:

> Whether the West Virginia Constitution gives rise to a private right of action for money damages is a question

of some dispute among West Virginia's federal courts. In reliance on the West Virginia Supreme Court of Appeals' ("WVSCA") decision in Harrah v. Leverette, 271 S.E.2d 322 (W. Va. 1980), this Court has repeatedly held that claims for money damages are not available to remedy violations of Article III of the West Virginia Constitution. See Harper v. Barbagallo, No. 2:14-cv-07529, 2016 WL 5419442, at *12–13 (S.D. W. Va. Sept. 27, 2016); Howard v. Ballard, No. 2:13-cv-11006, 2015 WL 1481836, at *4 (S.D. W. Va. Mar. 31, 2015); McMillion-Tolliver v. Kowalski, No. 2:13-CV-29533, 2014 WL 1329790, at *2 (S.D. W. Va. Apr. 1, 2014); Smoot v. Green, No. 2:13–10148, 2013 WL 5918753, at *4–5 (S.D. W. Va. Nov. 1, 2013).

The WVSCA has never addressed the issue directly. In Hutchison v. City of Huntington, 479 S.E.2d 649 (W. Va. 1996), however, the WVSCA held that "[u]nless barred by [a recognized immunity], a private cause of action exists where a municipality or local government unit causes injury by denying that person rights that are protected by the Due Process Clause embodied within Article 3, § 10 of the West Virginia Constitution." Id. at 654. The Hutchison court did not address whether its holding was limited to § 10 or, alternatively, applied to other rights enshrined in Article III. At least one West Virginia federal court has suggested that Hutchison generally "recognizes a private right of action for violations of the West Virginia Constitution." Ray v. Cutlip, No. 2:13-CV-75, 2014 WL 858736, at *3 n.1 (N.D. W. Va. Mar. 5, 2014) ("West Virginia recognizes a private right of action for violations of the West Virginia Constitution."); see also Wood v. Harshbarger, 2013 WL 5603243, at *6 (S.D. W. Va. Oct. 3, 2013) (finding plaintiff had alleged sufficient facts to state a claim under Article III, Section 5 of the West Virginia Constitution and reserving the question of whether monetary damages were an available remedy for another day).

Given its ruling in Hutchison, the Court suspects that the WVSCA would recognize a cause of action for money damages for the violation of other Article III rights. See, e.g., Pruitt v. W. Va. Dep't of Public Safety, 664 S.E.2d 175, 182–84 (W. Va. 2008) (finding that fact issues precluded the granting of summary judgment on state constitutional claims). Given the unsettled state of the law, and noting that Plaintiffs have alleged facts sufficient to give rise to a plausible claim [], the

12

> Court allows their state constitutional claim to proceed. **The parties are hereby put on notice, however, that the Court intends to certify the question to the West Virginia Supreme Court if Plaintiffs continue to proceed against Defendants under this theory of liability.**

Spry v. W. Virginia, No. 2:16-CV-01785, 2017 WL 440733, at *9 (S.D. W. Va. Feb. 1, 2017) (Johnston, J.)(emphasis in original).[2]

Upon review of the Spry decision, this Court is inclined to follow that approach and analysis in this civil action. Accordingly, this Court denies the defendants' motion to dismiss as plaintiff has alleged facts sufficient to give rise to a plausible claim and allows plaintiff's state constitutional claim as asserted in Count Two of the complaint to proceed. Further, this Court may certify that question to the West Virginia Supreme Court if plaintiff continues to proceed against defendants under this theory of liability.

---

[2]It is worth noting that the unsettled legal question presented in Spry was never certified, as the Court found that "[p]laintiffs fail[ed] to show a genuine issue of material fact on the § 1983 and, by implication, state constitutional claims," and awarded summary judgment. See Spry v. W. Virginia, No. 2:16-CV-01785, 2017 WL 1483370, at *5 n.7 (S.D. W. Va. Apr. 24, 2017) (Johnston, J.); see also Barcus v. Austin, No. 1:17CV122, 2018 WL 4183213, at *6 n.1 (N.D. W. Va. Aug. 31, 2018) (Keeley, J.) (noting "the unsettled question of whether monetary damages are an available remedy for violations of Article III of the West Virginia Constitution.")

## IV. Conclusion

For the reasons set forth above, the defendants' motion to dismiss (ECF No. 3) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 5, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE